# SUPREME COURT OF ARKANSAS

No. CR–17–312

| | |
|---|---|
| | **Opinion Delivered:** April 19, 2017 |
| STACEY EUGENE JOHNSON <br> APPELLANT/PETITIONER | |
| V. | |
| STATE OF ARKANSAS <br> APPELLEE/RESPONDENT | |
| | <u>DISSENTING OPINION</u>. |

**RHONDA K. WOOD, Associate Justice**

The General Assembly, elected by the voters in the State of Arkansas, passed a statutory scheme that provides for the death penalty as an appropriate sentence for certain crimes. Justices of this court have taken an oath to uphold the Constitution and the laws of the State of Arkansas without regard to their personal views. This means the court sometimes makes exceedingly difficult decisions without personal consideration to ourselves. Simply put, we follow the law.

The majority of this court has again summarily issued an order in a death penalty case without providing any explanation for its decision. It has granted a stay and remanded for a second hearing on Stacey Johnson's motion for postconviction DNA testing pursuant to Arkansas Code Annotated section 16–112–201 et seq. (Repl. 2016). It does this despite the fact that the circuit court already held a telephonic hearing, made findings, and correctly found the defendant failed to meet the requirements of § 16–112–201 et seq.

The majority errs for three reasons: (1) Stacey Johnson failed to show that this testing might prove his actual innocence, (2) his motion is untimely, and (3) he failed to sufficiently plead chain of custody.

Arkansas Code Annotated section 16-112-201 permits a defendant to request relief when "scientific evidence not available at trial establishes the petitioner's actual innocence." *Id.* The statute also requires that the motion be timely, and the defendant has the burden of showing the evidence has not been tainted. *Id.*

First, Stacey Johnson has failed to make any showing that subsequent testing would result in proving his actual innocence. Indeed, Johnson has already made a virtually identical argument to this court, which we unanimously rejected. *Johnson v. State*, 356 Ark. 534, 157 S.W.3d 151 (2004). In rejecting his argument then we stated, "we do not believe . . . that testing should be authorized regardless of the slight chance it may yield a favorable result." *Id.* at 536, 157 S.W.3d at 161. Now, on the eve of his execution, the majority provides Johnson with relief. In addition, we must be mindful of the evidence which supported Johnson's conviction, particularly the DNA evidence which linked Stacey Johnson to this murder, the testimony of the victim's daughter identifying him as her killer, and Stacey Johnson's statements to law-enforcement officers that he had murdered a woman in Arkansas. The contention that the DNA of Carol Jean Heath's boyfriend might appear in her home is expected and does not equate to Stacey Johnson being innocent. Stacey Johnson was found guilty by two different juries for the April 1, 1993 murder of twenty-five-year-old Carol Jean Heath.

Second, this motion is untimely. The statute provides a rebuttable presumption that a motion made 36 months after a conviction is untimely. Johnson has not rebutted this presumption. *See* Ark. Code Ann. § 16-112-202(B)(i)-(v). The "new" touch DNA and Y-STR testing that Johnson proposes have been available since at least 2009. *See State v. Reynolds*, 926 N.E.2d 315 (Ohio App. 2009). Following the hearing, the trial court found defendant's motion untimely. Its finding was correct.

Third, it is incumbent statutorily that the defendant show "the specific evidence to be tested is in the possession of the state and has been subject to a chain of custody and retained under conditions sufficient to ensure that the evidence has not been substituted, contaminated, tampered with, replaced, or altered in any respect." Ark. Code Ann. § 16-112-202(4). The trial court correctly found defendant did not meet his burden.

Today, this court takes the extraordinary step of breaking from precedent and ignoring the General Assembly's statutory requirements for new scientific testing and stays this execution. With no explanation or instruction, this matter has been remanded to the trial court for another hearing. Today, our court gives uncertainty to any case ever truly being final in the Arkansas Supreme Court. Accordingly, I dissent.

BAKER and WOMACK, JJ., join.